Burke, J.
This claim for moneys due arises from a dispute concerning a contract entered into between the claimant and the New York State Department of Public Works.
When a contractor such as the claimant enters into a competitive bidding for State work, he receives three basic documents on which he bases his bid. These are the plans for the work proposed, a proposal form prepared by the State and a printed book of general specifications applicable to all State work. Bids submitted by a contractor to the State must be on the State’s proposal form showing unit price for each item and the ultimate lump sum resulting from the multiplication of the estimate of the number of units times the unit price bid.
The work under the present contract was completed by the claimant and accepted by the State on November 6, 1961. In February, 1962, a check in the amount of $36,276.22, representing the final payment due claimant under the contract, was sent to him by the State. Payment was refused. Claimant instituted the present action, seeking the final payment due under the contract, as well as six additional items, based upon the contract. Although the State challenged all these items in the Court of Claims, it has subsequently conceded that three of the five adverse rulings rendered by that court were correct.
*428 The State appealed to the Appellate Division from the award of two of the claims, an allowance for Portland cement and an allowance for temporary sheet piling. The State also appealed an award of interest on the severed claim for the final installment due under the contract, a claim on which judgment had already been entered. The Appellate Division reversed the Court of Claims on all three points. The present appeal was initiated by claimant.
The contract expressly provided that any excavation for footing outside the neat lines must be replaced with Class 1 concrete, Item 20, at the contractor’s expense. It is obvious that the Appellate Division was correct in holding that the claimant was not entitled to payment for the claim made to cover the 320.7 barrels of Portland cement incorporated in the concrete which replaced the rock claimant excavated beyond the neat lines of the footings.
The Appellate Division was likewise correct in finding that the claimant is not entitled to payment for 6,900 square feet of temporary steel sheet piling. The estimated quantity of sheet piling set forth in the contract was 12,000 square feet. Pursuant to approved field changes, the quantity was increased to 13,109 square feet. Under the clear provision of the specifications, claimant was entitled to payment for sheet piling “ for only the area or location indicated on the plans and not exceeding the quantity shown in the estimate or as indicated on an approved field change. ’ ’ Claimant was fully paid for all steel piling placed in its planned position. The claim before us is being made under a measurement and payment provision of the contract which was intended to be applied only in cases where the plans did not show the manner of determining the square foot area to be paid for. Such a claim cannot be sustained in the face of the unequivocal terms of the contract. A specific provision will not be set aside in favor of a catchall clause.
Claimant is also appealing the reversal of the interest award. In its opinion, the Appellate Division relied upon our decision in Wood v. State of New York (12 N Y 2d 25) and concluded that, since the contract provisions in these cases were identical and since the claimant here refused to accept tender, he is deemed to *429 waive his right to interest. The pertinent provision is part of the Public Work Specifications applicable to this contract. It provides: “ Should the Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of any right to interest thereon.” While there is no dispute that this is the same provision that we construed in the Wood case, nevertheless, the cases are distinguishable. Here, after claimant commenced this action, he moved for a severance of the first cause of action, which was a cause of action for the balance due according to the State’s computations. The State did not oppose the motion, and indeed it was stipulated and agreed between the parties that the question of interest on this amount was to be reserved until such time as the remaining portions of the claim were decided.
While the exact intention of the parties cannot be ascertained, it does not seem unreasonable to interpret this stipulation as a waiver of the contract provision on the part of the State, with the question of interest on the severed claim hinging upon the validity of the additional claims asserted by claimant. Since claimant was successful in the trial court and in the Appellate Division in establishing a right to additional moneys, it would seem that he is entitled to interest on the amount of the severed claim.
Accordingly, the order appealed from should be modified to the extent that the claim for interest should be allowed, and, as so modified, affirmed, without costs.
Chief Judge Fuld and Judges Van Voorhis, Scileppi, Bergan and Breitel concur with Judge Burke ; Judge Keating dissents in part and votes to further modify by granting the award for cement on the reasoning of the dissenting Justices at the Appellate Division.
Ordered accordingly.