A. E. Ottaviano, Inc., Respondent, *v.* State of New York, Appellant. (Claim No. 46777; Motion No. 9534.)

Third Department, May 13, 1969.

*Louis J. Lefkowitz, Attorney-General (Joseph A. Cutro* and *Ruth Kessler Toch* of counsel), for appellant.

*Gilleran, Spring & Bland (Arthur J. Spring, Jr.,* of counsel), for respondent.

HERLIHY, J. The State appeals from an order and judgment of the Court of Claims awarding interest to the claimant.

The State contends: 1. That claimant's failure to submit labor affidavits precludes a recovery of interest between the State's acceptance of the work on September 18, 1964 and the tender of the final payment on January 13, 1967 and 2. That the claimant's refusal to accept final payment as tendered on January 13, 1967 constituted a waiver of any right to interest from January 13, 1967 to the date of the severance of judgment.

On November 24, 1961 the claimant entered into a highway construction contract with the State; on September 18, 1964 the claimant completed the contract and it was accepted by the State; on January 28, 1966 the State submitted a proposed final estimate to the claimant; on July 22, 1966 the claimant instituted suit to recover for extra work and the balance of $152,919.09 due under the contract; on August 22, 1966 the State submitted an *approved certified* final estimate to the claimant; on January 13, 1967 the State tendered its check to claimant for the final payment under the contract, but the claimant refused it because an acceptance would be a waiver of its claim for extra work. On January 24, 1967 the trial court severed the claim for the progress payment or balance due under the contract and the interest due on that amount. Upon the hearing held as to that cause of action, the claimant conceded that its computation of the amount claimed under that cause of action was in error and it was agreed that the correct computation was $151,582.37.

The contract between the State and the claimant is subject to the provision (embodied in the contract) that refusal to accept the tender of final payment due under the contract results in a waiver of any interest thereon. (See *Johnson, Drake & Piper v. State of New York*, 29 A D 2d 793, 795; *Wood v. State of New York*, 12 N Y 2d 25, 29; *Higgins & Sons v. State of New York*, 20 N Y 2d 425, 428, 429; *Terry Contr. v. State of New York*, 23 N Y 2d 167, 171–173.)

The contract also provides that acceptance of the tender of final payment due on the contract constitutes a waiver of all additional claims. (See *Higgins & Sons v. State of New York*, supra; *Terry Contr. v. State of New York, supra*.) It is established in the last cited cases that when the claim for the balance due is severed by the trial court from the additional claims and the court reserves the question of interest until the resolution of the validity of the additional claims, the State making no objection to such procedure and thereby impliedly stipulating to reserve as directed by the court, " it was ' not  *  *  * unreasonable to interpret this stipulation as a waiver of the contract provision on the part of the State, with the question of interest on the severed claim *hinging upon the validity of the additional claims asserted by claimant* ' ". (Citation omitted, emphasis in original.) (*Terry Contr. v. State of New York, supra*, p. 172.)

The State in this case consented to the severance and to the entry of judgment for the balance due ($151,582.37) and both parties agreed that the trial court was to adjudicate the ques-

tion of interest on the severed claim without awaiting the outcome of the additional claims.

The Court of Claims found that there was an unreasonable delay in tendering payment of the balance due under the contract. This court has previously held that an unreasonable delay on the part of the State in tendering final payment can constitute a breach of contract and entitle the claimant to interest on the final payment, despite the provision that refusal of the tender constitutes a waiver of interest. (*Merritt-Chapman & Scott Corp.* v. *State of New York,* 25 A D 2d 455.)

I. The State contends that the court erred in finding an unreasonable delay on its part, because the delay was caused by the claimant's failure to supply the required affidavits as to payment of labor. (*Terry Contr.* v. *State of New York, supra.*) This issue was not raised before the Court of Claims.

The record does not establish that the delay was because of any failure on the part of the claimant with the exception of the sum of $1,160.28 which was withheld from the tender of final payment because the contractor had not filed the affidavits required. The latter sum was properly withheld (Labor Law, §§ 220-a, 220-b), but the power to withhold it does not excuse the unreasonable delay in tendering the sum of $150,422.09 which was concededly due *and* owing as of the time of trial. The State does not question the amount of the judgment on the severed claim as being proper. Paragraph [d] of subdivision 8 of section 38 of the Highway Law provides that the " superintendent of public works may, if he deems necessary, require an affidavit to such effect from the contractor ". There is no proof that the Superintendent requested the affidavit. The State has failed to prove that the delay as to the sum of $150,422.09 was in any way attributable to the claimant and accordingly, we find that as to that amount there was an unreasonable delay and that the case of *Terry Contr.* v. *State of New York (supra)* does not require a finding that the claimant caused the delay.

The State does not question upon this appeal the power of the trial court to disregard the contract provision as to interest when the court finds as a fact a breach of contract because of an unreasonable delay on the part of the State in tendering the amount due and owing under the contract. (See *Merritt-Chapman & Scott Corp.* v. *State of New York, supra.*)

II. However, the State contends that the claimant in this case is not entitled to interest beyond the date of tender of final payment.

In order to determine the State's further argument as to the awarding of interest after the date of the tender of final payment,

it becomes necessary to consider the case of *Wood* v. *State of New York* (12 N Y 2d 25, *supra*) and the subsequent cases of *Higgins & Sons* v. *State of New York* (20 N Y 2d 425, *supra*) and *Terry Contr.* v. *State of New York* (23 N Y 2d 167, *supra*).

In the case of *Wood* v. *State of New York* (*supra*) the Court of Appeals found that a refusal of the tender precluded an award of interest on the sum of money. The cases of *Higgins & Sons* v. *State of New York* (*supra*) and *Terry Contr.* v. *State of New York* (*supra*) hold that the State may waive the preclusion of interest and since in those cases the reservation of the question of interest was to the time of the determination of the additional claims, the waiver was treated as consenting to the payment of interest until the time when the severed judgment was paid.

In the present case there was, in any event, no breach of the contract beyond the tender of final payment and accordingly, the award of interest can only be made until that time. As a result of the severance and immediate disposition of the claim to interest, the present case is essentially the same as *Merritt-Chapman & Scott Corp.* v. *State of New York* (25 A D 2d 455, *supra*).

The damage to the claimant when the State breaches its obligation to promptly pay the amount withheld under the contract is the loss of the use of the money involved. The measure of such a loss is interest. The claimant having refused the tender for reasons unrelated to the payment of interest and the breach having ceased upon tender of payment, the claimant has suffered no damage after the date of the tender of the amount due and owing. The so-called claim for interest is not in fact an additional claim and the claimant is not entitled to interest beyond the tender of such amount.

The order and judgment should be modified, on the law and the facts, so as to award interest from December 18, 1964 to January 13, 1967, the date of tender of final payment, on the sum of $150,422.09 and, as so modified, affirmed, without costs.

GIBSON, P. J., REYNOLDS, AULISI and GREENBLOTT, JJ., concur.

Order and judgment modified, on the law and the facts, so as to award interest from December 18, 1964 to January 13, 1967, the date of tender of final payment, on the sum of $150,422.09 and, as so modified, affirmed, without costs.