■ PATTEN CORPORATION, Appellant, v ASSOCIATION OF PROPERTY OWNERS OF SLEEPY HOLLOW LAKE, INC., Respondent.— Weiss, J. Appeal from that part of an order and judgment of the Supreme Court (Connor, J.), entered December 29, 1989 in Greene County, which partially granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment.

By 1972, Sleepy Hollow Lake, Inc. had assembled some 1,898 acres of land for construction of a housing and recreational development in Greene County to be divided into units I, II and III. Unit I comprised 998 single family lots, 7.9 miles of lake shoreline and approximately 95 acres of amenities and improvements. Unit II consisted of 653 single family lots, approximately 2.4 miles of lake shoreline and approximately 30.77 acres of natural preserves for use as parks. On March 21, 1972, defendant, a not-for-profit homeowners association, was formed comprised of homeowners in the Sleepy Hollow Lake development. Plat maps of units I and II were duly recorded in the Greene County Clerk's office on March 27,

1972 and February 8, 1973, respectively. An offering statement was accepted for filing by the Department of State on February 9, 1973.

On or about April 6, 1986, plaintiff acquired title to approximately 714 acres of land in the Sleepy Hollow Lake subdivision, including eight pieces of land of varying sizes labeled on the plat of Sleepy Hollow Lake, unit I as "parcels", and an undesignated 3.32-acre parcel on the plat of unit II. Plaintiff avers that defendant's representatives attempted to prevent plaintiff from the subdivision, development and sale of the aforesaid nine parcels and sought to compel plaintiff to transfer title to said parcels to defendant for use as common areas. Plaintiff thereupon commenced this action for a declaratory judgment determining that it is entitled to develop, sell or otherwise dispose of the nine parcels of land and to enjoin any interference with such activities by defendant. Defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and for an injunction pursuant to CPLR 6301 to prohibit the proposed development, on the grounds that documentary evidence consisting of the filed plats, the "Declaration of Protective Covenants", the filed offering statement and the deeds established that the "parcels" were "common areas" required to be conveyed to defendant for the mutual benefit of all property owners. Plaintiff cross-moved for summary judgment arguing that the notations on the plats excepted the "parcels" from "common areas". Supreme Court granted defendant's motion to dismiss with respect to the parcels in unit I and declared that they were common areas which could not be subdivided as lots by plaintiff. The court denied the motion, however, with respect to the parcel in unit II. The court also denied plaintiff's cross motion for summary judgment as premature, since defendant had not yet answered the complaint, and also denied defendant's request for injunctive relief. Plaintiff has appealed.

In essence the dispute centers upon the interpretation of two notes which appear on the face sheet of the filed subdivision plat for each unit. The first note which appears on the face sheet of unit I states that:

"All areas included on this plat except as particularly denoted following this phrase and excepting numbered lots are hereby designated as common areas.

"Exception: * * *."

The other disputed note located further down states that: "Real estate divisions on this plat depicted as parcels are not presented as part of this subdivision unit. Detailed and indi-

vidual consideration will be given to each of these parcels in the future and appropriate plans presented to the approving authorities." The notes on the face sheet of unit II are identical except that following the word "Exception:" these handwritten words appear: "PARCEL [AN UNIMPROVED COMMON NON-DESIGNATED PARCEL OF LAND RESERVED FOR POSSIBLE FUTURE USE]". Of relevance to the interpretation is the definition of "common area" found in the "Declaration of Protective Covenants" set forth, in part, as follows:

"E. 'COMMON AREAS' means:

"I. all streets, lakes, parks, recreational and community facilities *and all other areas in the Development not subdivided into Lots, except* the areas so designated on the Plat and except all water and sewer lines, mains and equipment at any time installed in any street or easement in the Development" (emphasis supplied).

Plaintiff first contends that the documentary evidence relied upon by defendant was insufficient to definitively dispose of its claims. The dispute is necessarily focused upon the interpretation of the notes on the filed subdivision maps, the offering statements made in connection with the subdivisions and the recorded covenant/restriction applicable to the subdivisions. It has been consistently declared that it is the responsibility of the court to interpret written instruments where no ambiguity appears *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). On the other hand, in the absence of a tender of relevant extrinsic evidence creating a triable factual issue or the anticipation of the availability of such evidence, the same result pertains and the resolution of an ambiguity in a written instrument must be determined by the court as a matter of law *(Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 40 NY2d 883, 885; *see also, Olson Enters. v Agway, Inc.,* 55 NY2d 659, 661).

Here, defendant moved to dismiss the complaint under CPLR 3211 (a) (1). That motion was supported by the submission of documentary evidence which substantiated the defense *(see, Juliano v McEntee,* 150 AD2d 524, 525). In addition, both parties submitted extrinsic evidence in the form of affidavits to assist the court in its interpretation of those same documents. But those affidavits are not relevant to the disposition of the CPLR 3211 motion. All the affidavits, with the exception of two provided by plaintiff from officials of the Town of Athens, Greene County, purport to explain how the various affiants interpreted the disputed wording. Notably absent are

affidavits from the original draftsman of the documents or the corporate subdivider, and it has not been suggested that such extrinsic evidence might become available. The affidavits from the two Town officials, who were the Town engineer and a member of the Town Planning Board, merely reflect the origin of the designation "parcel" and not what the developer thereafter intended to do with the parcels. The areas designated "parcel" presented potential unstable subsurface conditions and could not be approved for any type of development without a detailed showing of suitability. More to the point, but still irrelevant, are the affidavits by Harrison Sause, the Director of Services for the original corporate developer who had full responsibility for the sale of the first 1,200 lots. Sause and his staff acted with authority from the corporate officers of the developer and represented to purchasers of lots that the "parcels" were common areas for the benefit of lot owners.

Regardless of the original developer's intent, the parties here both took from a common grantor and, absent notice of issues not here present, were entitled to rely upon the public record for definiteness and certainty *(see, Matter of City of New York [East 177th St.],* 239 NY 119, 129). The parties are entitled to any negative restriction naturally flowing from the notations on the filed plat maps *(Huggins v Castle Estates,* 36 NY2d 427, 431-432), particularly here where the recorded "Declaration of Protective Covenants" and the filed offering statement make specific references to the plats.

As Supreme Court found, resolution of the controversy hinges on the interpretation of the two notes which appear on the face sheet of the plat maps. Generally, a specific provision will not be set aside in favor of a catchall clause *(Higgins & Sons v State of New York,* 20 NY2d 425, 428), which plaintiff contends Supreme Court did here. While the first note on unit I is broad in nature, it specifically provides for the recitation of exceptions. However, no exceptions were set forth. All parts of an instrument are to be reconciled, if possible, in order to avoid inconsistency *(National Conversion Corp. v Cedar Bldg. Corp.,* 23 NY2d 621, 625-626). Supreme Court did so without straining the language and we accept that interpretation. The parcels at issue in unit I are part of defendant's common area and the note reference to future approval by the appropriate authorities relates to development of the common areas by defendant, not plaintiff.

The opposite result occurs on unit II where the term "parcel" has clearly been excepted from common areas. While a motion for summary judgment is premature absent joinder of

issue (CPLR 3212 [a]; *City of Rochester v Chiarella,* 65 NY2d 92, 101), CPLR 3211 (c) permits the court, after adequate notice to the parties, to treat a motion to dismiss as a motion for summary judgment. Defendant's CPLR 3211 (a) (1) motion was essentially a request for summary judgment based upon documentary evidence. However, in this instance, defendant also moved under CPLR 3211 (a) (7) contending that, based upon all the evidence, the complaint failed to state a cause of action. In addition, defendant has sought injunctive relief addressing the merits of plaintiff's claim. Plaintiff formally, but prematurely, moved for summary judgment in its cross motion *(see,* CPLR 3211 [c]) addressing the factual merits of its claim to which defendant fully responded. Thus, since both parties have laid their proof bare, it is imminently clear that they have deliberately charted a summary judgment course *(see, Hickey v Travelers Ins. Co.,* 158 AD2d 112, 114; *see also, Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320; *Monteferrante v New York City Fire Dept.,* 63 AD2d 576, *affd on mem below* 47 NY2d 737), and persist in such course upon this appeal. Supreme Court was therefore not precluded from granting summary judgment relief with respect to unit II and, since all the issues have been resolved, plaintiff is entitled to a declaration that the "parcel" in unit II is not within the common areas of Sleepy Hollow Lake development. The order and judgment should be modified accordingly.

Order and judgment modified, on the law, with costs to defendant, by reversing so much thereof as denied plaintiff's cross motion for summary judgment with respect to the area entitled "parcel" on the Sleepy Hollow Lake unit II subdivision plat; cross motion granted to that extent and it is declared that unit II is not a common area and is not subject to restrictions and limitations of common areas in the recorded "Declaration of Protective Covenants" and the offering statement for Sleepy Hollow Lake subdivision units I and II; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.