■ In the Matter of CONSTANTINE IOANNOU, Respondent, v SOUTHOLD TOWN PLANNING BOARD, Appellant. [758 NYS2d 358] —In a proceeding pursuant to CPLR article 78 to review a determination of the Southold Town Planning Board, dated April 16, 2001, which denied the petitioner's subdivision application, the Southold Town Planning Board appeals from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated April 29, 2002, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

Restrictive covenants are strictly construed against those seeking to enforce them and will be enforced only where their existence has been established by clear and convincing proof (*see Witter v Taggart,* 78 NY2d 234, 237-238 [1991]). The recording statutes in a grantor-grantee indexing system charge a purchaser with notice of matters only in the record of the purchased land's chain of title back to the original grantor (*see Andy Assoc. v Bankers Trust Co.,* 49 NY2d 13, 24 [1979]; *Aiello v Wood,* 76 AD2d 1019 [1980]; *Doyle v Lazarro,* 33 AD2d 142 [1970], *affd* 33 NY2d 981 [1974]). A purchaser is not normally required to search outside the chain of title (*see Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242 [1935]). A purchaser is not chargeable with constructive notice of conveyances recorded outside of that purchaser's direct chain of title, where, as in Suffolk County, the grantor-grantee system of indexing is used (*see* Real Property Law § 316-a; *Witter v Taggart, supra* at 237; *Andy Assoc. v Bankers Trust Co., supra* at 24).

Here, the petitioner's subdivision application was denied by the appellant due to a condition imposed on a prior owner not to further subdivide the property. As this condition was only filed in the office of the Southold Town Planning Board and was not in the petitioner's chain of title, he cannot be bound by it. Therefore, the Supreme Court properly granted the petition.

The appellant's remaining contentions need not be addressed in light of our determination. Feuerstein, J.P., H. Miller, Townes and Mastro, JJ., concur.