In the Matter of HOME DEPOT, U.S.A., et al., Respondents, v TOWN BOARD OF THE TOWN OF HEMPSTEAD, Appellant. [881 NYS2d 160]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Town Board of the Town of Hempstead dated April 17, 2007, as imposed certain conditions on the approval of the petitioners' site plan application, the Town Board of the Town of Hempstead appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (McCarty, J.), dated April 7, 2008, as granted the petition to the extent of annulling conditions a, b, c, f, h, n, and o, and directed it to approve the site plan.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof granting those branches of the petition which were to annul conditions a, b, c, and f imposed by the Town Board of the Town of Hempstead, and substituting therefor a provision denying those branches of the petition; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioners, Home Depot, U.S.A. (hereinafter Home Depot), and Elias Properties Levittown, LLC, commenced this proceeding pursuant to CPLR article 78 challenging those portions of the determination of the Town Board of the Town of Hempstead (hereinafter the Town Board) which imposed certain conditions on the approval of Home Depot's site plan application for the remodeling of a commercial building in order to open a retail store.

"[T]he determination of a municipal land use agency must be confirmed if it was rational and not arbitrary and capricious" (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005] [internal quotation marks omitted]; *see Matter of Sasso v Osgood*, 86 NY2d 374 [1995]). The Supreme Court correctly determined that the Town Board's decision to impose conditions

h and o, which restricted, among other things, the hours during which Home Depot could operate its business and clean the parking area, was arbitrary and capricious. While time restrictions could effectively reduce traffic and noise during certain hours (*see Matter of Milt-Nik Land Corp. v City of Yonkers*, 24 AD3d 446, 449 [2005]), the Town Board offered no finding or rationale to support the imposition of the inconsistent hourly restrictions set forth in conditions h and o (*see Matter of Old Country Burgers Co. v Town Bd. of Town of Oyster Bay*, 160 AD2d 805 [1990]). Furthermore, the Supreme Court correctly determined that the Town Board's decision to impose condition n, which required the installation of a closed circuit television recording system, was arbitrary and capricious, as the Town Board offered no findings to support the conclusion that such a system would affect the "safety and general welfare of the adjacent areas" (*Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.*, 20 AD3d 531, 533 [2005]; *see Matter of Pearson Kent Corp. v Bear*, 28 NY2d 396, 399 [1971]; *Matter of Mackall v White*, 85 AD2d 696 [1981]).

However, the Supreme Court erred in finding that there was no rational basis for the imposition of conditions a, b and c, which prohibited Home Depot from relocating a loading zone from the east side of the property to the west side of the property, and prohibited trucks from entering the premises from the roadway which formed the western boundary of the premises. A town board is authorized to review and approve site plans which describe proposed land use elements, including those elements which relate to "parking, means of access, screening, signs, landscaping, architectural features, location and dimensions of buildings, adjacent land uses and physical features meant to protect adjacent land uses as well as any additional elements specified by the town board in such zoning ordinance or local law" (Town Law § 274-a [2] [a]). Town of Hempstead Building Zone Ordinance § 305 [B] provides that, in determining whether to approve a site plan application, the Town Board shall give "due consideration" to, among other things, "[t]he effect of the proposed use upon the movement of the vehicular traffic in the vicinity, including consideration of the provisions for access of such traffic between the premises and public highways" (Town of Hempstead Building Zone Ordinance § 305 [B] [2]). Accordingly, the Town Board properly based conditions a, b, and c on its findings that the construction of a loading dock, with an accompanying truck entrance, on the west side of the premises would adversely impact the surrounding roadways and traffic patterns, and imposed reasonable conditions to relieve congestion and increase safety upon roadways adjacent to the site (*see*

*Matter of Pearson Kent Corp. v Bear*, 28 NY2d 396, 399 [1971]; *Matter of Turkewitz v Planning Bd. of City of New Rochelle*, 24 AD3d 790, 791 [2005]; *Matter of Sepco Ventures v Planning Bd. of Town of Woodbury*, 230 AD2d 913, 915 [1996]; *Matter of Albany Area Bldrs. Assn. v Town of Clifton Park*, 172 AD2d 54, 56 [1991]; *Holmes v Planning Bd. of Town of New Castle*, 78 AD2d 1, 13 [1980]).

Finally, the Supreme Court erred in finding that there was no rational basis to impose condition f, which required the installation of a "12 foot solid PVC fence . . . along all property lines abutting residential properties/streets." The Town Board was authorized to consider the acoustic, visual, and otherwise aesthetic impact of the proposed land use on adjoining residential lands (*see* Town Law § 274-a [2] [a]; Town of Hempstead Building Zone Ordinance § 305 [B] [6]; *Matter of Hampshire Mgt. Co., No. 20, LLC v Feiner*, 52 AD3d 714, 715-716 [2008]) and its decision to impose condition f was rationally related to Home Depot's inclusion of a similar 12-foot fence in the site plan, and the Town Board's desire to "protect the just interest of nearby residents in the preservation of a peaceful and pleasant residential environment." Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.