■ In the Matter of SHUTTLE CONTRACTING CORP., Appellant, v PLANNING BOARD OF THE INCORPORATED VILLAGE OF GREAT NECK et al., Respondents. [900 NYS2d 387]—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Incorporated Village of Great Neck, dated June 21, 2007, which, after a hearing, granted the application of the respondents Behzad Peikarian and Fariba Peikarian for preliminary subdivision approval, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated June 30, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A local planning board has broad discretion in reaching its determination on applications for subdividing property, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Kearney v Kita*, 62 AD3d 1000, 1001 [2009]; *Matter of Davies Farm, LLC, v Planning Bd. of Town of Clarkstown*, 54 AD3d 757, 758 [2008]; *see generally Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Here, contrary to the petitioner's contention, the determination of the Planning Board of the Incorporated Village of Great Neck (hereinafter the Planning Board) to grant the application of the respondents Behzad Peikarian and Fariba Peikarian (hereinafter together the respondents) for preliminary subdivision approval had a rational basis, was not arbitrary or capricious, and was not illegal (*see Matter of Kearney v Kita*, 62 AD3d at 1001-1002).

The petitioner contends that its private property rights were adversely affected by the Planning Board's determination. Whatever property rights the petitioner possesses must be enforced through a private action against the individuals or entities allegedly violating those rights (*see Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 432 [2004]; *Matter of Friends of Shawangunks v Knowlton*, 64 NY2d 387, 392 [1985]; *Matter*

*of Gersten v Cullen*, 203 AD2d 744, 747 [1994]). However, the petitioner's private property rights were not before the Supreme Court, and are not before this Court, for adjudication in this proceeding pursuant to CPLR article 78 (*see LeBaron v DPL & B, LLC*, 35 AD3d 391, 392 [2006]; *Welsh v Okolie*, 22 AD3d 572, 572-573 [2005]). We note that our determination does not preclude the petitioner from commencing a private enforcement action, and we take no position on the merits of such an action.

The petitioner's remaining contentions either are an improper attempt to challenge a determination of the nonparty Zoning Board of Appeals of the Incorporated Village of Great Neck granting the respondents' application for a street frontage variance after having failed to commence a CPLR article 78 proceeding challenging that determination (*see* Village Law § 7-712-c; *Matter of Ip v Village of N. Hills*, 61 AD3d 688 [2009]), or are without merit. Skelos, J.P., Santucci, Balkin and Austin, JJ., concur.