In the Matter of MICHAEL FUENTES, Respondent, v PLANNING BOARD OF THE VILLAGE OF WOODBURY, Appellant. [918 NYS2d 213]—

The petitioner/plaintiff, Michael Fuentes, purchased two undeveloped lots at a tax sale. After acquiring title, he reviewed the plat map and learned that the lots were designated "Open Area 'A' " and "Open Area 'B,' " and were subject to a map notation stating that they were "not approved for building lots." Interpreting this as an indication that the lots had not been approved for building at the time the plat map was approved, Fuentes sought amendment of the map and permission to build from the Planning Board of the Village of Woodbury (hereinafter the Planning Board). The Planning Board denied his application, interpreting the map note as mandating that the lots in question were to remain open space in perpetuity, and finding that removal of the map notation not was not in the public interest.

A court reviewing a CPLR article 78 petition may not disturb the decision of a municipal body charged with determining land use questions unless that body's decision is arbitrary and capricious, lacks a rational basis, or is an abuse of discretion (see Matter of Gebbie v Mammina, 13 NY3d 728, 729 [2009]; Matter of Shuttle Contr. Corp. v Planning Bd. of the Inc. Vil. of Great Neck, 73 AD3d 789 [2010]; Matter of Home Depot, U.S.A. v Town Bd. of Town of Hempstead, 63 AD3d 938, 938-939 [2009]; Mat-

*ter of Spears v Town of Cortlandt Planning Bd.*, 44 AD3d 866, 867 [2007]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 546 [2007]; *Matter of Olivieri v Planning Bd. of Town of Greenburgh*, 229 AD2d 584 [1996]). As we have recently stated, "[a] local planning board has broad discretion in reaching its determination on applications for subdividing property, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Shuttle Contr. Corp. v Planning Bd. of the Inc. Vil. of Great Neck*, 73 AD3d at 789).

Town Law § 278 permits a town to approve a cluster development, but requires that its planning board nevertheless act in accordance with the zoning regulations and the regulations it has established (*see* Town Law § 278 [3]; *Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 76 NY2d 460, 467 [1990]). Here, the Town of Woodbury adopted a local ordinance implementing Town Law § 278, but, in approving the subdivision in question, the Planning Board did not act in conformity with the requirements for a cluster development. Accordingly, and notwithstanding the designation of the map as a "cluster plan," a cluster development could not have been created in this instance (*see* Town Law § 278 [3] [b], [c]; *Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 76 NY2d at 467). Consequently, the Planning Board's conclusion that development of the subject lots was prohibited due to their inclusion as open space in a cluster development lacked a rational basis.

Nevertheless, a planning board has the authority to restrict development, provided that it does so in such a way as to give notice to all interested parties (*see Matter of Hoffmann v Gunther*, 245 AD2d 511, 513 [1997]). In so doing, however, a board may not rely on minutes of meetings to establish the meaning of a restriction, for an interested party is not required to consult such documents (*id.*).

Here, the note on the map, which Fuentes properly concedes is part of his chain of title (*see generally Town of Brookhaven v Dinos*, 76 AD2d 555, 562 [1980], *affd* 54 NY2d 911 [1981]), states only that subject lots "are not approved for building lots." Notwithstanding the Planning Board minutes indicating that it intended for the lots to remain undeveloped, the Planning Board failed to make this restriction clear in any document which became part of Fuentes's chain of title (*id.*). Thus, although the Planning Board could properly enforce the language recorded on the plat map (*see O'Mara v Town of Wappinger*, 9 NY3d 303, 309 [2007]; *Patten Corp. v Association of Prop. Own-*

*ers of Sleepy Hollow Lake,* 172 AD2d 996, 999 [1991]; *Town of Brookhaven v Dinos,* 76 AD2d at 562), the language contained thereon does not adequately convey a perpetual restriction on development of these lots (*see generally Patten Corp. v Association of Prop. Owners of Sleepy Hollow Lake,* 172 AD2d at 999-1000). Accordingly, the Planning Board's conclusion that the plat map contained a perpetual restriction on the development of the subject lots lacked a rational basis.

Finally, as the Supreme Court correctly noted, the Planning Board's finding that removing the restriction recorded on the map would be detrimental to the public welfare was conclusory and not supported by the record. Accordingly, and notwithstanding its powers to act in the interest of the public (*see* Village Law § 7-730 [1]), the Planning Board's findings that permitting development of lots "[would] not substantially serve the public convenience, safety and welfare, and [would] be detrimental to the neighborhood and the environment," and that it would not be "in the interest of the health, safety and welfare of Village residents for the restrictions on these lands to be lifted," lacked a rational basis and, thus, the Supreme Court properly, in effect, granted the petition and annulled the determination (*see Matter of Home Depot, U.S.A. v Town Bd. of Town of Hempstead* 63 AD3d at 939; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake,* 38 AD3d at 547; *Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.,* 20 AD3d 531, 533 [2005]). Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.