■ Robert Butler et al., Respondents, v Daniel Mathisson et al., Appellants. [981 NYS2d 441]—

In an action, inter alia, for a judgment declaring that front and rear yard setback lines drawn on a certain subdivision map are deed restrictions that run with the land and for injunctive relief, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated April 17, 2012, as, upon renewal and reargument, adhered to its original determination in an order of the same court dated March 26, 2012, granting the plaintiffs' motion for summary judgment on the complaint and denying their cross motion, in effect, for summary judgment declaring that the front and rear yard setback lines drawn on the subdivision map are not deed restrictions that run with the land, and (2) from a judgment of the same court dated April 17, 2012, which, upon the order dated March 26, 2012, is in favor of the plaintiffs and against them declaring, inter alia, that the front and rear yard setback lines drawn on the subdivision map are deed restrictions that run with the land, and permanently enjoining the defendants from, among other things, performing any construction in violation of those setback lines.

Ordered that the appeal from the order dated April 17, 2012, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated April 17, 2012, is vacated, the plaintiffs' motion for summary judgment is denied, the defendants' cross motion for summary judgment is granted, the order dated March 26, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, inter alia, declaring that the front and rear yard setback lines drawn on the subdivision map are not deed restrictions that run with the land; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order dated April 17, 2012, must be dismissed because the right of direct appeal therefrom termi-

nated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs and the defendants are neighbors in the Forest Harbor subdivision in Rye. The Forest Harbor subdivision is in an R-3 zoning district which, inter alia, requires front yard setbacks of at least 30 feet. The plaintiffs own and reside at 10 Philips Lane, and the defendants reside at 3 Philips Lane. The defendants also own the residential property located at 12 Philips Lane, which is adjacent to the plaintiffs' property at 10 Philips Lane and is the subject of this dispute. The defendants purchased 12 Philips Lane with the intention of tearing down the existing house on the property and building a new house on the property. The defendants' proposed house has a front yard setback of 44.75 feet.

While the defendants were attempting to obtain the various approvals required to build their new house from the City of Rye Planning Commission (hereinafter the Planning Commission), the plaintiffs commenced this action against the defendants for declaratory and injunctive relief. The plaintiffs alleged, inter alia, that the front and rear yard setback lines which were drawn on the Forest Harbor subdivision map, which map was approved by the Planning Commission in 1967, required, among other things, front yard setbacks of at least 60 feet. The plaintiffs further alleged that these setbacks were deed restrictions that ran with the land. The plaintiffs sought, inter alia, a declaration that the front and rear yard setback lines drawn on the subdivision map are deed restrictions that run with the land, and an injunction permanently enjoining the defendants from performing any construction in violation of those setback lines.

The plaintiffs moved for summary judgment on the complaint, and the defendants cross-moved, in effect, for summary judgment declaring that the front and rear yard setback lines drawn on the subdivision map are not deed restrictions that run with the land. The Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion.

The Supreme Court should have denied the plaintiffs' motion for summary judgment on the complaint. "[T]he policy of the law is to favor free and unobstructed use of realty" (*Huggins v Castle Estates*, 36 NY2d 427, 430 [1975]). "[A] purchaser takes with notice from the record only of incumbrances in his direct chain of title. In the absence of actual notice before or at the time of his purchase or of other exceptional circumstances, an

owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to himself or his direct predecessors in title" (*Buffalo Academy of Sacred Heart v Boehm Bros.*, 267 NY 242, 250 [1935]). "A purchaser is not normally required to search outside the chain of title" (*Matter of Ioannou v Southold Town Planning Bd.*, 304 AD2d 578, 578 [2003], citing *Buffalo Academy of Sacred Heart v Boehm Bros.*, 267 NY 242 [1935]). Deed restrictions are strictly construed against those seeking to enforce them and will be enforced only where their existence has been established by clear and convincing proof (*see Matter of Ioannou v Southold Town Planning Bd.*, 304 AD2d 578 [2003], citing *Witter v Taggart*, 78 NY2d 234, 237-238 [1991]).

In this case, the plaintiffs failed to make a prima facie showing that the front and rear yard setback lines drawn on the subdivision map are deed restrictions that run with the land. Contrary to the plaintiffs' contention, there is nothing in the defendants' chain of title which indicates that these setback lines are deed restrictions that run with the land (*see Huggins v Castle Estates*, 36 NY2d at 430-431; *Matter of Fuentes v Planning Bd. of the Vil. of Woodbury*, 82 AD3d 883, 884-885 [2011]; *Matter of Ioannou v Southold Town Planning Bd.*, 304 AD2d at 579). Since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, their motion should have been denied, regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting the documents in their chain of title, which do not provide any indication that the front and rear yard setback lines drawn on the subdivision map are deed restrictions that run with the land (*see Huggins v Castle Estates*, 36 NY2d at 430-431; *Matter of Fuentes v Planning Bd. of the Vil. of Woodbury*, 82 AD3d at 884-885; *Matter of Ioannou v Southold Town Planning Bd.*, 304 AD2d at 579). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendants' cross motion, in effect, for summary judgment declaring that the front and rear yard set back lines drawn on the subdivision map are not deed restrictions that run with the land.

In light of our determination, the defendants' remaining contentions have been rendered academic.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County,

for the entry of an appropriate amended judgment, inter alia, declaring that the front and rear yard setback lines drawn on the subdivision map are not deed restrictions that run with the land (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.