■ In the Matter of JONATHAN PERRY et al., Appellants, v PATRICIA A. BRENNAN QUALIFIED PERSONAL RESIDENCE TRUST, Also Known as PATRICIA A. BRENNAN PERSONAL RESIDENCE TRUST, et al., Respondents. [60 NYS3d 214]—

Appeal from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 19, 2015. The judgment denied the petition filed pursuant to CPLR article 78, which sought to annul a determination of the Board of Trustees of the Town of Southold dated May 21, 2014, granting a dredging permit, and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs

payable to the respondents appearing separately and filing separate briefs.

The petitioners and the respondents Patricia A. Brennan and Donald P. Brennan (hereinafter together the Brennans) own property on the shores of an inland body of water called "the Lagoon" in the Town of Southold. The Lagoon is connected to Peconic Bay by a navigable waterway (hereinafter the Channel) that runs between land owned by the petitioners and land owned by the Brennans.

In December 2013, the Brennans applied to the Board of Trustees of the Town of Southold (hereinafter the Board) for a permit to perform maintenance dredging in the Channel. The Brennans' application stated that the section of the Channel they sought to dredge was on their property, and that the dredging was necessary for "navigation, beach nourishment, [and] tidal flow" purposes. The application was sponsored by the Lagoon Association, a community organization of landowners with property around the Lagoon that had previously obtained permits to dredge the Channel. Attached to the application was a Department of Environmental Conservation (hereinafter DEC) permit that had been issued to the Lagoon Association in October 2013 for maintenance dredging in the Channel.

At public hearings before the Board, the petitioners opposed the Brennans' application to perform maintenance dredging, arguing that they were the owners of all the underwater land in the Channel. Although the petitioners had given their permission for similar dredging in the past, they no longer supported the dredging because it damaged their bulkhead and the Lagoon Association refused to contribute to their cost of maintaining and repairing their bulkhead.

The president of the Lagoon Association appeared in support of the Brennans' application. He asserted that the Brennans owned the area of the Channel that they wanted to dredge and that it is the same area the Lagoon Association has dredged for the past 80 years. The president of the Lagoon Association said that, if the Channel was not "reopened through dredging," the Lagoon, a fragile environment requiring tidal flow and oxygen-rich water, would become an "environmental disaster." He emphasized that there was an immediate need for dredging because sand accumulations in the Channel were preventing fish from swimming in and out of the Lagoon.

The petitioners confirmed that they did not want the Channel to close, but they refused to consent to the dredging until the resolution of their dispute with the Lagoon Association about the cost of their bulkhead maintenance and repairs.

The petitioners and the Brennans also made written submissions and provided various documents to the Board in support of their claims. Although the Board was presented with conflicting evidence as to whether the petitioners or the Brennans owned the area that they sought to dredge, upon request, the Brennans submitted an updated land survey dated April 14, 2014, which showed that the Brennans' property extended halfway across the Channel.

In a determination dated May 21, 2014, the Board approved the Brennans' application and issued them a permit to dredge part of the Channel, but the Board only authorized dredging on land owned by the Brennans and expressly asserted that it was not making "a representation or determination with respect to any purported ownership of lands." In its determination, the Board set forth five environmental reasons that dredging should be performed, which included preserving tidal flow into the Lagoon so as to protect wildlife and the ability to navigate coastal waterways.

The petitioners commenced this CPLR article 78 proceeding to annul the Board's determination. They alleged that the Board exceeded its jurisdiction and acted arbitrarily by effectively determining that the Brennans owned part of the Channel and by giving them permission to dredge. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal. We affirm, albeit on grounds different than those relied upon by the Supreme Court (*see generally Matter of Munroe v Ponte*, 148 AD3d 1025, 1026 [2017]). We note that the Supreme Court improperly relied, in part, on a ground not invoked by the Board (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]; *Matter of Ignaczak v Ryan*, 79 AD3d 881, 882 [2010]; *Matter of Anayati v Board of Zoning Appeals of Town of N. Hempstead*, 65 AD3d 681, 683 [2009]).

Since the administrative determination at issue was made after informational public hearings, as opposed to a quasi-judicial evidentiary hearing, the "arbitrary and capricious" standard of CPLR 7803 (3) applies (*see Matter of Moy v Board of Town Trustees of Town of Southold*, 61 AD3d 763, 764 [2009]; *Matter of Zupa v Board of Trustees of Town of Southold*, 54 AD3d 957, 957 [2008]). Thus, the sole question before this Court is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688 [1996]; *Matter of Moy v Board of Town Trust-*

*ees of Town of Southold,* 61 AD3d at 764; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]).

Here, the Board's determination to grant the dredging permit to the Brennans while expressly avoiding any determination as to the ownership of the area to be dredged was not made in violation of lawful procedure, affected by an error of law, arbitrary or capricious, or an abuse of discretion. A permit must be obtained in the Town of Southold before dredging may be performed in a body of water such as the Channel (*see* Code of Town of Southold §§ 275-3 [C]; 275-5 [A]). The applicant must have a right to perform the dredging either based on ownership of the property or a legally recognized relationship with the owner (*see* Code of Town of Southold § 275-6 [A] [1]). Pursuant to Code of Town of Southold § 275-12, a permit for dredging may be issued if, based on 10 enumerated factors, the Board determines that the dredging will not have a substantial adverse impact on the Town's wetlands and fresh water resources, marine organisms and aquatic wildlife, or otherwise adversely affect the health, safety, and general welfare of the Town and its citizens.

The parties do not dispute that the Board has no authority to resolve the issue of ownership of the land under the Channel (*see generally Matter of Shuttle Contr. Corp. v Planning Bd. of the Inc. Vil. of Great Neck,* 73 AD3d 789, 789-790 [2010]). However, based on the unique circumstances presented and the proof of ownership by the Brennans, the Board was within its authority to grant the permit to the ostensible owner, the Brennans, without making any further determination as to who owned the area to be dredged (*see Matter of Shuttle Contr. Corp. v Planning Bd. of the Inc. Vil. of Great Neck,* 73 AD3d 789, 790 [2010]). In addition, this determination was reasonable based on the environmental factors set forth in Code of the Town of Southold § 275-12 (*see Matter of Birch Tree Partners, LLC v Nature Conservancy,* 122 AD3d 841, 842 [2014]; *Matter of Zupa v Board of Trustees of Town of Southold,* 54 AD3d at 958). In granting the dredging permit, the Board considered, among other things, the threat that dredging presented to the petitioners' bulkhead on the southeast side of the Channel and, accordingly, limited dredging to the northwest side. Apart from actual ownership, this was the only complaint advanced by the petitioners with regard to dredging in the Channel. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.