Matter of Sagaponack Ventures, LLC v Board of Trustees of the Vil. of Sagaponack (2019 NY Slip Op 02527)





Matter of Sagaponack Ventures, LLC v Board of Trustees of the Vil. of Sagaponack


2019 NY Slip Op 02527


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-02828
 (Index No. 2284/15)

[*1]In the Mattter of Sagaponack Ventures, LLC, appellant,
v
Board of Trustees of the Village of Sagaponack, etc., et al., respondents.


Oved & Oved, LLP, New York, NY (Aaron J. Solomon of counsel), for appellant.
Anthony B. Tohill, P.C., Riverhead, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Trustees of the Village of Sagaponack dated January 12, 2015, denying the petitioner's site plan application, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated February 8, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of a 43.5-acre property located in the Village of Sagaponack. The southern end of the property faces the ocean and the northern end of the property is on Daniels Lane, a public highway. The property is located within the Village's agricultural overlay district. In February 2007, the petitioner, under a different corporate name, submitted an application to build four single-family residences on the property, three on the oceanfront portion of the property (lots one through three), and one on the northwestern corner of the property (lot four). After several months of discussion, in 2008, the respondent Board of Trustees of the Village of Sagaponack (hereinafter the Board) conditionally approved a site plan where lot four was located on the southern end of the property, north of and next to lot one, rather than on the northwestern part of the property. This site plan was abandoned. On May 16, 2013, the petitioner submitted another application to develop the property, again seeking to build lots one through three facing the ocean and lot four on the northwestern corner. After the Board made it clear that any consideration of the 2013 application would involve comparison with the 2008 conditional approval, the petitioner withdrew the application. On August 9, 2013, the petitioner submitted the application at issue in this proceeding, seeking to develop a more than 13,000 square foot single-family residence on the northwestern corner of the property. On January 12, 2015, the Board rejected the application and determined that the northwestern corner of the property was not a suitable location for development. The petitioner then commenced this proceeding pursuant to CPLR article 78. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A local planning board has broad discretion in considering applications involving the [*2]use of land, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Gebbie v Mammina, 13 NY3d 728, 729; Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509; Matter of Fuentes v Planning Bd. of the Vil. of Woodbury, 82 AD3d 883; Matter of Shuttle Contr. Corp. v Planning Bd. of the Inc. Vil. of Great Neck, 73 AD3d 789; Matter of Home Depot, U.S.A. v Town Bd. of Town of Hempstead, 63 AD3d 938, 938-939). Here, the determination of the Board that the northwestern corner of the property was not a suitable location for development was not illegal, arbitrary and capricious, or an abuse of discretion. The Board properly considered the factors set forth in the Village Code governing site plan applications and it determined that development in the northwestern corner of the property would contribute to the loss of agricultural soil, that such development would negatively impact the views and vistas of farmland areas, and that such development would have a negative impact on any future subdivision of the property (see Village Code 245-67[M]). Accordingly, we agree with the Supreme Court's denial of the petition and dismissal of the proceeding.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court