Matter of Andes v Planning Bd. of the Town of Riverhead (2023 NY Slip Op 03008)

Matter of Andes v Planning Bd. of the Town of Riverhead

2023 NY Slip Op 03008

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2019-12175 
2019-12555
 (Index No. 1311/18)

[*1]In the Matter of William F. Andes, Jr., et al., petitioners-respondents, 
v
Planning Board of the Town of Riverhead, appellant, et al., respondents.

Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Frank A. Isler of counsel), for appellant.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca and Lisa J. Ross of counsel), for petitioners-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Riverhead dated February 1, 2018, granting the application of John Reeve, Sandra Reeve, J & S Reeve Summer Cottages, LLC, and 18 Whites Lane, LLC, for a minor lot subdivision, the Planning Board of the Town of Riverhead appeals from (1) an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated August 16, 2019, and (2) a judgment of the same court dated September 6, 2019. The order granted that branch of the petition which was to annul the determination. The judgment granted the same relief and remitted the matter to the Planning Board of the Town of Riverhead for a new determination after completion of an environmental impact analysis and review pursuant to the New York State Environmental Quality Review Act (ECL art 8).
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
The appeal from the order must be dismissed, as no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and we decline to grant leave to appeal in light of the entry of a final judgment in this matter (see Matter of Save Harrison, Inc. v Town/Village of Harrison, NY, 168 AD3d 949, 951; Matter of Yorktown Smart Growth v Town of Yorktown, 168 AD3d 957, 958). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 1994, John Reeve and Sandra Reeve purchased property in the Town of Riverhead. In 2013, the Reeves constructed a dock, ramps, and floats on a portion of the property known as Lot 16.9 pursuant to a building permit and renewals, and a certificate of occupancy was thereafter issued. The petitioners, who are neighboring property owners, appealed the building permits and certificate [*2]of occupancy. The Town of Riverhead Zoning Board of Appeals (hereinafter the ZBA) determined that the subject dock, ramps, and floats had been illegally constructed on Lot 16.9, which was created in contravention of the provisions of the Code of the Town of Riverhead (hereinafter the Town Code).
The Reeves subsequently submitted a minor subdivision application proposing to divide the property into two separate lots. The Town of Riverhead Planning Board (hereinafter the Planning Board) approved the application and determined, inter alia, that it constituted a Type II action pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) requiring "no further environmental review."
The petitioners commenced this CPLR article 78 proceeding to review the Planning Board's determination. In a judgment dated September 6, 2019, the Supreme Court granted that branch of the petition which was to annul the determination based on the Planning Board's failure to comply with SEQRA, and remitted the matter to the Planning Board for a new determination after completion of an environmental impact analysis and review pursuant to SEQRA. The Planning Board appeals.
Judicial review of an agency determination under SEQRA is limited to determining whether the challenged determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803[3]; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416; Matter of Peterson v Planning Bd. of the City of Poughkeepsie, 163 AD3d 577, 578). The Planning Board's conclusory determination here was arbitrary and capricious.
6 NYCRR 617.3(a) provides that "[n]o Agency involved in an action may . . . approve the action until it has complied with the provisions of SEQR[A]." The first step in those procedures is to engage in an initial review and classification of the proposed action as Type I, Type II, or Unlisted (see id. §§ 617.2[aj], [ak], [al]; 617.6). Reviewing courts must review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924).
Here, there was no rational basis in the record before the Planning Board to support its conclusion that the subject application was a Type II action requiring no environmental review pursuant to SEQRA (see 6 NYCRR 617.5[a]; Matter of Tehan v Scrivani, 97 AD2d 769). At the time of the Planning Board's determination, neither the Town Code nor the SEQRA regulations (6 NYCRR 617.5) listed a minor subdivision as a Type II action. Moreover, the Planning Board's own Staff Report identified several environmental concerns with the proposed application. Furthermore, approval of the subject application was not an "official act[ ] of a ministerial nature involving no exercise of discretion" (id. § 617.5[c][25]), which would be exempt from the requirements of SEQRA review (see ECL 8-0105[5][ii] ["'Actions' do not include. . . official acts of a ministerial nature, involving no exercise of discretion"]; see also Incorporated Vil. of Atl. Beach v Gavalas, 81 NY2d 322, 326).
The Planning Board could not have relied on certain amendments to the Town Code regarding classification of Type I and Type II actions (see Town Code §§ 225-11[B][11]; 225-12[B][1]), as those amendments were made subsequent to the Planning Board's determination. Accordingly, those Town Code amendments are not a ground for upholding the Planning Board's determination at issue here (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758; Matter of Perry v Patricia A. Brennan Qualified Personal Residence Trust, 153 AD3d 522, 524).
Because the Planning Board failed to undertake the requisite review and make a reasoned elaboration of the basis for its conclusion, the Planning Board's determination that the proposed action is a Type II action exempt from SEQRA review was arbitrary and capricious (see Matter of Sierra Club v Village of Painted Post, 134 AD3d 1475; Matter of Tehan v Scrivani, 97 [*3]AD2d 769), and was properly annulled (see Matter of Zutt v State of New York, 99 AD3d 85, 102).
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court