■ In the Matter of ALBERT OLIVIERI et al., Respondents, v PLANNING BOARD OF THE TOWN OF GREENBURGH, Appellant. [645 NYS2d 545] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Planning Board of the Town of Greenburgh as imposed a condition on the petitioners' application for subdivision approval, the appeal is from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered May 18, 1995, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioners owned a substantial parcel of land in the Town of Greenburgh. The land had long been divided by deed into three lots, but the petitioners had never sought a legal subdivision. The front lot contained a family-owned retail nursery and gardening center, and the rear two lots contained residences. When the petitioners sought to obtain a legal subdivision of their lots, the Planning Board of the Town of Greenburgh (hereinafter the Planning Board) granted their application but, citing the local zoning ordinance which prohibited accessory uses in the front yard, required the petitioners to remove the inventory which had been stored in the front yard of the gardening center, as well as the fence surrounding the inventory.

In this proceeding pursuant to CPLR article 78, the petitioners challenged the imposition of the condition that they remove the inventory and the fence. In a judgment entered May 18, 1995, the Supreme Court, Westchester County, set aside the condition and ordered the Planning Board to approve the subdivision application. We reverse.

The Planning Board's interpretation of the local zoning ordinances is entitled to deference unless arbitrary, unreasonable, irrational, or made in bad faith (see, Matter of Cowan v Kern, 41 NY2d 591, 599). None of those situations are presented on the record before us. Indeed, a plain reading of the applicable zoning ordinances reveals that they unambiguously prohibit the accessory use of the petitioners' front yard (see, Town of Greenburgh Zoning Code § 285-28 [A] [1] [e]; § 285-36 [I]). Under these circumstances, the Planning Board's determination should have been sustained and the petition should have been denied. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.