*546 OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be modified, with costs to defendants, by declaring that the 1.2% assessment imposed by Public Health Law § 2807-d (2) (b) (ii) is constitutional and remitting to Supreme Court for further proceedings in accordance with this memorandum and, as so modified, affirmed.
Plaintiff is a privately endowed not-for-profit residential health care facility (RHCF) created by special act of the Legislature in 1892 to provide a home for needy, aged women (see L 1892, ch 94). In 1990, the Legislature enacted Public Health Law § 2807-d to raise revenue to overcome a budget and Medicaid deficit for the 1990-1991 fiscal year (see De Buono v NYSA-ILA Med. & Clinical Servs. Fund, 520 US 806, 809 [1997]). The statute imposed a monetary assessment on RHCFs by requiring them to pay 0.6% of gross receipts from all patient care services and operating income during specified time periods. The Legislature subsequently amended the provision and imposed an assessment of 1.2% on RHCFs in addition to the initial 0.6% assessment (L 1992, ch 41). The revised statute provided the additional assessment was a reimbursable cost when determining the RHCF’s Medicaid rate (Public Health Law § 2807-d [10] [b]). Further, the revised statute exempted two new categories of nonprofit RHCFs from the assessments, neither of which included plaintiff.[1] Plaintiff notified the Department of Health that because it had no Medicaid-funded patients it was the only nonprofit RHCF in the state required to pay the assessments without some reimbursement. The Department of Health concluded plaintiff was nonetheless required to pay the assessment.
Plaintiff commenced this declaratory judgment action challenging the assessments, demanding they be declared uncon *547 stitutional as applied and seeking to enjoin the State from enforcing the assessments. Specifically, plaintiff claimed the statute violated its equal protection rights because it was singled out to pay the assessment. In its answer, the Department of Health asserted two counterclaims. The first sought to have plaintiff comply with the reporting requirements under section 2807-d. The second sought to collect, with interest, the amounts due under the assessments.
Following summary judgment motions by both parties, Supreme Court directed plaintiff to comply with the reporting requirements of the statute and dismissed the Osborn’s complaint.[2] The court noted the reduction of the state budget deficit was a legitimate legislative objective and the statute furthered that objective. The Appellate Division modified the order. The Court agreed the 0.6% assessment was a valid assessment, but concluded the 1.2% assessment was arbitrary in that it imposed a tax exclusively upon plaintiff and thus denied it equal protection of law (240 AD2d 143 [1998]). In our view both assessments are constitutional.
For purposes of equal protection review, any classification creating differential taxation enjoys a strong presumption of constitutionality (see Port Jefferson Health Care Facility v Wing, 94 NY2d 284, 289 [1999]). Legislative determinations— such as the exemptions at issue here — need not be made with “mathematical nicety” (Heller v Doe, 509 US 312, 321 [1993]). Rather, a determination that neither utilizes a suspect classification nor impairs a fundamental right, must be upheld if rationally related to achievement of a legitimate state purpose (see Trump v Chu, 65 NY2d 20, 25 [1985]). In determining whether a reasonable objective is promoted by the classification, the courts are not bound by the stated purpose of the statute. “Instead, a classification must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification” (Port Jefferson, 94 NY2d at 284 [emphasis súpplied], quoting Heller, 509 US at 320). Here, the policy-based exemptions and the tax itself are rationally imposed by the statute (see Port Jefferson, 94 NY2d at 292).
Plaintiff does not contend the existing exemptions are unreasonable. Rather, it argues that it too should be excluded from payment of the tax. The plain language of Public Health Law § 2807-d and its legislative history, however, demonstrate *548 a clear intention by the Legislature that the section apply to all RHCFs, as defined by article 28, including plaintiff, absent a specific exemption (Public Health Law § 2801 [1]; § 2807-d).[3] The Legislature could easily have included plaintiff in the exemption classifications or adopted additional amendments to insulate plaintiff from the assessments; however, it chose not to do so (see Orens v Novello, 99 NY2d 180 [2002]).
Lastly, plaintiff contends that the collection provisions of the statute limit the Department’s ability to collect assessment deficiencies from only certain third-party payers from which plaintiff receives no payments (see Public Health Law § 2807-d [6] [c]). We agree with Supreme Court that while the statute permits the State to seek payment of assessment deficiencies from third-party payments due an RHCF, that remedy is not exclusive. Thus we declare the statute constitutional, direct plaintiff to comply with its reporting requirements and remit the matter to Supreme Court for further consideration of the Department’s remaining counterclaim.
Plaintiffs remaining contentions are without merit.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Graffeo and Read concur in memorandum; Judge Rosenblatt taking no part.
Judgment appealed from and order of the Appellate Division brought up for review modified, etc.

. Initially, the statute exempted general hospitals which qualify for distributions made in accordance with Public Health Law § 2807-c (19) (c). Those general hospitals consisted of “voluntary non-profit and private proprietary general hospitals experiencing severe fiscal hardship because of insufficient resources to finance losses resulting from bad debts and the costs of charity care” (Public Health Law § 2807-c [19] [c]). In 1992, the statute was amended to create two additional exempt classifications. Section 2807-d (1) (b) (ii) creates an exemption for voluntary nonprofit hospitals financed completely by charitable contributions that are dedicated to providing free care to low-income patients. Section 2807-d (1) (b) (iii) provides an exemption for facilities solely dedicated to caring for retired and disabled police, firefighters and emergency personnel.

. The Department moved for partial summary judgment on the reporting requirements of the statute.

. Article 28 of the Public Health Law defines the broader category of “hospitals,” which includes nursing homes and makes no distinction between health care facilities based on their participation in the Medicaid program (Public Health Law § 2801 [1]).