■ Maria Korotun et al., Appellants, v Incorporated Village of Bayville, Respondent, et al., Defendant. [809 NYS2d 533]—

In an action for a judgment declaring that Local Law No. 3 (2001) of the Incorporated Village of Bayville is unconstitutional under the Equal Protection and Due Process Clauses of the United States and New York State Constitutions, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), entered July 23, 2004, which granted the motion of the Incorporated Village of Bayville for summary judgment dismissing the complaint and dismissed the complaint.

Ordered that the order and judgment is modified, on the law, by adding a provision thereto declaring that Local Law No. 3 (2001) of the Incorporated Village of Bayville is constitutional; as so modified, the order and judgment is affirmed, with costs to the respondent.

The plaintiffs have lived in their home that was constructed as part of a six-home subdivision on a cul-de-sac at the end of Laurel Place in the defendant Incorporated Village of Bayville since about 1993. The newer section of Laurel Place is divided from its older section by the presence of certain stone pillars on each side of the road at the entrance of the cul-de-sac. In 2001 the homeowners association that represents the newer, northern section of Laurel Place, petitioned the Village to ban all on-street parking on that section of the street. The impetus for the request and the basis for ultimately granting it were the numerous complaints that the plaintiffs habitually parked all four of their vehicles in the cul-de-sac and near the stone pillars, in a manner that impeded access and maneuverability of Village emergency and service vehicles, obstructed the residents' views while attempting to exit and enter their driveways, and created aesthetic-related problems. The plaintiffs now challenge the on-street parking ban imposed by the Village (Local Law No. 3 [2001]), primarily basing their claim of denial of equal protection on the grounds that parking on the street is not prohibited on the southern, older portion of Laurel Place. They argue that contrary to the Supreme Court's determination, there is no rational basis for distinguishing between parking north as compared to south of the stone pillars monument on Laurel Place.

A duly-enacted local law is clothed with the presumption of

constitutionality that applies to state legislation (*see 41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325 [1987]). For purposes of equal protection review, a legislative classification, such as the one at bar, that neither makes distinctions on the basis of a suspect class nor impairs a fundamental right, must be upheld if the challenged classification is rationally related to achievement of a legitimate state purpose (*see Miriam Osborn Mem. Home Assn. v Chassin*, 100 NY2d 544 [2003]; *Trump v Chu*, 65 NY2d 20 [1985]). "In determining whether a reasonable objective is promoted by the classification, the courts are not bound by the stated purpose of the statute. 'Instead, a classification must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification' " (*Miriam Osborn Mem. Home Assn. v Chassin, supra* at 547, quoting *Port Jefferson Health Care Facility v Wing*, 94 NY2d 284 [1999], *cert denied* 530 US 1276 [2000]).

The Village met its initial burden of establishing its entitlement to judgment as a matter of law, by the tender of evidence in admissible form demonstrating that there are no triable issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The Village's proof showed that its decision to ban parking in the northern section of Laurel Place had a rational basis, to wit: to ensure emergency and Village service vehicles access and maneuverability and residents' unobstructed views when exiting and entering their driveways. The proof also demonstrated that the homeowners' association representing the southern section of Laurel Place, which did not necessarily have these same issues, did not petition the Village for a similar parking ban. The record also shows that the two sections of Laurel Place have physical and geographical distinctions and, therefore, are not similarly situated.

The plaintiffs, in opposing the motion for summary judgment, failed to raise a triable issue of fact through admissible evidence (*see Zuckerman v City of New York, supra*).

The plaintiffs' remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have made a declaration in favor of the Village (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.