[857 NE2d 510, 824 NYS2d 189]

In the Matter of ASTORIA GAS TURBINE POWER, LLC, Respondent, v TAX COMMISSION OF CITY OF NEW YORK et al., Appellants.

Argued September 6, 2006; decided October 17, 2006

452

**POINTS OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Paul T. Rephen, Rita D. Dumain* and *Rochelle Cohen* of counsel), for appellant. The divestiture by Consolidated Edison Company of New York of two thirds of its power generating equipment to electric corporations, such as petitioner, that are not rate-regulated does not affect that property's real property tax classification. Petitioner has remained subject to the supervision of the Public Service Commission within the meaning of RPTL 1801 (c). Further, the Legislature intended that these type of generators be in class three regardless of the business environment of their owner. (*Matter of Hellerstein v Assessor of Town of Islip,* 37 NY2d 1; *New York Steam Corp. v City of New York,* 268 NY 137; *New York Rapid Transit Corp. v New York City,* 303 US 573; *Matter of Caplan v Commissioner of Fin. of City of N.Y.,* 220 AD2d 324; *AT&T Info. Sys. v City of New York,* 137 AD2d 7, 73 NY2d 842; *Matter of Grace v New York State Tax Commn.,* 37 NY2d 193; *Matter of Spencer v Board of Educ. of City of Schenectady,* 39 AD2d 399; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669; *Matter of*

*Occidental Chem. Corp. v Public Serv. Commn. of State of N.Y.,* 114 AD2d 149; *Foss v City of Rochester,* 65 NY2d 247.)

*David M. Wise,* Cranford, New Jersey, and Babylon, for respondent. I. The Second Department applied the correct "pure statutory construction" standard of review. (*Matter of Caplan v Commissioner of Fin. of City of N.Y.,* 220 AD2d 324; *Lorillard Tobacco Co. v Roth,* 99 NY2d 316; *Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.,* 83 NY2d 353; *American Locker Co. v City of New York,* 308 NY 264; *Smith v Browning,* 225 NY 358; *Matter of New York Cent. R.R. Co. v Flynn,* 233 App Div 123, 257 NY 553; *Matter of Sheppard,* 189 App Div 370; *Cable & Wireless v City of N.Y. Dept. of Fin.,* 190 Misc 2d 410, 302 AD2d 1020; *Matter of Holmes Elec. Protective Co. v McGoldrick,* 262 App Div 514, 288 NY 635; *Matter of Merchants Refrig. Co. v Taylor,* 275 NY 113.) II. The Second Department correctly construed the subject-to clause at RPTL 1801 (c) as requiring traditional utility rate regulation. (*People v Duggins,* 3 NY3d 522; *Matter of Rodriguez v Perales,* 86 NY2d 361; *Matter of 320 W. 37th St. Inc. v McGoldrick,* 281 NY 132; *New York Steam Corp. v City of New York,* 268 NY 137; *Cable & Wireless v City of N.Y. Dept. of Fin.,* 190 Misc 2d 410, 302 AD2d 1020.) III. Astoria Gas Turbine Power, LLC is not "subject to the supervision" within the accepted meaning of the clause. (*New York v FERC,* 535 US 1; *AT&T Info. Sys. v City of New York,* 137 AD2d 7, 73 NY2d 842; *Matter of 436 W. 34th St. Corp. v McGoldrick,* 288 NY 346.) IV. The City of New York's remaining arguments against enforcing the subject-to clause at RPTL 1801 (c) lack merit. (*City of Buffalo v Cargill, Inc.,* 44 NY2d 7; *Matter of Crystal v City of Syracuse, Dept. of Assessment,* 47 AD2d 29, 38 NY2d 883; *Matter of Greentree At Lynbrook Condominium No. 1 v Board of Assessors of Vil. of Lynbrook,* 81 NY2d 1036; *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains,* 71 AD2d 677, 50 NY2d 839; *New York Tel. Co. v Nassau County,* 1 NY3d 485; *AT&T Info. Sys. v City of New York,* 137 AD2d 7, 73 NY2d 842; *New York Steam Corp. v City of New York,* 268 NY 137; *Consolidated Edison Co. of N.Y. v City of New York,* 80 NY2d 794.)

### OPINION OF THE COURT

ROSENBLATT, J.

█ Pursuant to article 18 of the Real Property Tax Law, real property located in a special assessing unit is classified in a way

that affects the owner's tax liability. Astoria Gas Turbine Power, LLC (AGTP) brought this RPTL article 7 proceeding challenging the classification of its power plant equipment as "utility real property" falling within class three of RPTL 1802 (1). AGTP contends that the equipment should be treated as class-four, general commercial real property. Equipment is properly designated class-three property if it belongs to "persons and corporations subject to the supervision of the state department of public service" (RPTL 1801 [c]). We conclude that because AGTP is not subject to such supervision, its equipment should be classified as class-four property.

## I.

During the past three decades, both Congress and the New York State Legislature have sought to deregulate the electric utility industry. In 1996, aiming to lower consumer costs, encourage economic development, and continue safe and reliable service, the New York State Public Service Commission (PSC) ordered a restructuring of the industry (*see Re Competitive Opportunities Regarding Elec. Serv.,* 1996 NY PSC Op No. 96-12, 168 PUR4th 515). Two years later, in accordance with that order, the PSC conditionally approved the plan of Consolidated Edison Company of New York (Con Ed) to divest its New York City electric generating fossil-fueled capacity to unregulated entities (*see Re Consolidated Edison Co. of N.Y., Inc.,* 1998 NY PSC Case 96-E-0897, 188 PUR4th 149).

In 1999, Con Ed transferred its 614-megawatt Astoria Gas Turbines in Astoria, Queens (the equipment) to AGTP's parent company, NRG Energy Inc. For tax year 2001-2002—the period in issue—the Department of Finance of the City of New York (DOF) classified the equipment as class-three "utility real property." Claiming that its property was misclassified, AGTP brought this proceeding against DOF and the Tax Commission of the City of New York (collectively, the City). Both sides sought partial summary judgment. Supreme Court ruled with the City, concluding that its classification of the property was correct. The Appellate Division reversed, granted AGTP's motion and directed the City to reclassify the equipment as class-four property on the 2001-2002 assessment roll.[1] We now affirm.

---

1. This Appellate Division order is brought up for review by the City's appeal from Supreme Court's subsequent amended judgment.

## II.

■■ The City contends that RPTL 1802 (1) and 1801 (c) contemplate a classification system based on the character of the property itself. At the threshold, we note that the proper classification of the equipment implicates a pure statutory analysis of RPTL 1802 (1) and 1801 (c), and we need not defer to the City's determination (*see Lorillard Tobacco Co. v Roth*, 99 NY2d 316, 322 [2003]). Because classification of commercial property hinges on whether a *company* is "subject to the supervision of the state department of public service" (RPTL 1801 [c]), we conclude that the Legislature intended classification to depend on the nature of the enterprise, and not the nature of the property.

The issue turns on AGTP's relationship with the PSC. In exchange for compliance with strict regulation by the PSC, traditional public utilities are generally afforded certain economic advantages. For instance, public utilities have historically exercised monopoly power, protecting them against competition. In addition, public utilities typically are afforded governmental franchises permitting them to place equipment on public rights-of-way or otherwise use public land. Given public utilities' competitive and financial advantages, the PSC establishes rates at which they can sell their product.

In fixing a public utility's classification for tax purposes, RPTL 1802 (1) and 1801 (c) take into account that the public utility is virtually guaranteed to earn a reasonable rate of return. In light of the economic advantages afforded to public utilities, New York's tax scheme has treated them differently than other types of entities. Thus, the language "subject to the supervision of the state department of public service" has been used repeatedly in this State's tax statutes to distinguish between noncompetitive public utilities and other market-driven business organizations (*see New York Steam Corp. v City of New York*, 268 NY 137, 147 [1935]; *Cable & Wireless v City of N.Y. Dept. of Fin.*, 190 Misc 2d 410, 416 [Sup Ct, NY County 2001]).

Here, the PSC maintains "light regulation" over AGTP covering "matters such as enforcement, investigation, safety, reliability and system improvement" (*Re Consolidated Edison Co. of N.Y., Inc.'s Plans*, 1999 NY PSC Case 96-E-0897, 1999 WL 716539, *16, 1999 NY PUC LEXIS 383, *47). This light regulation also gives the PSC authority to limit AGTP's

power in the market[2] and any actions that contravene the public interest.

As against these few exceptions, however, AGTP is exempt from the vast majority of the provisions of the Public Service Law that apply to retail sellers of electricity.[3] Most importantly, the PSC does not establish rates in AGTP's wholesale electricity generation market. As the Appellate Division aptly noted, the PSC's reserved authority over market power issues does "not involve the intense rate supervision imposed upon traditional electric utilities by the PSC."[4]

■ Because AGTP is subject to lightened governmental regulation, it cannot be considered a public utility, and should not be classified like one under RPTL 1802 (1). Unlike a utility, AGTP is not assured a reasonable rate of return, but is at the mercy of volatile competitive market forces based on supply and demand. Further, AGTP possesses no governmental franchises or property interests in public streets. Thus, in conformance with the Legislature's initiative to deregulate the electric utility industry, AGTP is a competitive entity like those whose real property is properly placed in class four.

In short, the PSC's regulation of AGTP is insubstantial when compared to a public utility's and does not subject the company to the "supervision of the state department of public service" as contemplated by the Legislature. As a result, the equipment should be designated class-four property.

---

2. Pursuant to PSC order, AGTP is subject to certain market mitigation measures such as price caps. The measures are designed to prevent market-power abuse during the transition to a fully competitive market but do not function as price controls such as those historically imposed on traditional public utilities (see Re Consolidated Edison Co. of N.Y., Inc., 1998 NY PSC Case 96-E-0897, 188 PUR4th 149; Re Consolidated Edison Co. of N.Y., Inc.'s Plans, 1999 NY PSC Case 96-E-0897, 1999 WL 716539, 1999 NY PUC LEXIS 383).

3. AGTP is exempt from the provisions of Public Service Law articles 1 ("The Department of Public Service"), 2 ("Residential Gas, Electric and Steam Utility Service"), 4 ("Provisions Relating to Gas and Electric Corporations; Regulation of Price of Gas and Electricity"), and 6 ("Provisions Affecting Two or More Kinds of the Public Service and the Persons and Corporations Furnishing Such Service") "that adhere, by their terms, to the retail sale of electricity" (Re Consolidated Edison Co. of N.Y., Inc.'s Plans, 1999 NY PSC Case 96-E-0897, 1999 WL 716539, *15, 1999 NY PUC LEXIS 383, *45).

4. Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y. (14 AD3d 553, 558 [2d Dept 2005], citing AT&T Info. Sys. v City of New York, 137 AD2d 7 [1st Dept 1988], affd for reasons stated in op by Rosenberger, J., at App Div 73 NY2d 842 [1988]).

Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and R.S. SMITH concur; Judge PIGOTT taking no part.

Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.