■ In the Matter of DAVID SPEARS, Appellant, v TOWN OF CORTLANDT PLANNING BOARD et al., Respondents. [844 NYS2d 84]—

In a proceeding pursuant to CPLR article 78 to review Resolution No. 15-05 of the respondent Town of Cortlandt Planning Board, dated April 5, 2005, which, inter alia, granted the application of the respondents Nicholas B. Angell and Hanay K. Angell for preliminary subdivision approval, the petitioner appeals from an undated judgment of the Supreme Court, Westchester County (Murphy, J.), which, upon a decision entered

April 30, 2006, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The respondents Nicholas B. Angell and Hanay K. Angell (hereinafter the Angells) are the owners of four contiguous parcels of property totaling 58 acres within the Towns of Cortlandt and Philipstown, three of which were previously undeveloped. The Angells applied to the respondent Town of Cortlandt Planning Board (hereinafter the Planning Board) for preliminary subdivision approval to adjust the lot lines to create four reconfigured lots, three of which would be located within the Town of Cortlandt. The plan included the construction of a road that would provide street access to two of the parcels. The Planning Board, after extensive public hearings, approved the subdivision and issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). The petitioner, an adjoining landowner, commenced this proceeding, alleging, inter alia, that the subdivision and the proposed road did not comply with the Town Code and that the Planning Board failed to comply with the requirements of SEQRA.

Contrary to the petitioner's contention, the Planning Board's interpretation of its subdivision regulations was not unreasonable or irrational (see Matter of Hoag v Zoning Bd. of Appeals of Town of Clinton, 27 AD3d 742 [2006]; Matter of Olivieri v Planning Bd. of Town of Greenburgh, 229 AD2d 584 [1996]). Further, the petitioners failed to demonstrate that the Planning Board's determination was irrational, arbitrary, or capricious (see Matter of Ifrah v Utschig, 98 NY2d 304, 307-308 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 386 [1995]).

In issuing a negative declaration, the Planning Board identified "the relevant areas of environmental concern," took a "hard look" at them (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 397 [1995]), and made a "reasoned elaboration" of the basis for its determination (Matter of Merson v McNally, 90 NY2d 742, 751-752 [1997]). Further, we reject the petitioner's contention that SEQRA review was improperly segmented (see Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow, 292 AD2d 617, 620-621 [2002]; Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 204 AD2d 548, 551 [1994]).

The petitioner's remaining contentions are without merit. Crane, J.P., Florio, Lifson and Carni, JJ., concur.