■ In the Matter of PAUL SABATINO II, Respondent, v SUFFOLK COUNTY et al., Appellants. [903 NYS2d 446]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel Suffolk County and Joseph Sawicki, in his capacity as the Suffolk County Comptroller, to pay the petitioner the sum of $40,221.97 for 444 hours of accrued vacation time, the appeal is from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated July 10, 2009, which granted the petition.

Ordered that the judgment is affirmed, with costs.

On December 19, 2007, the petitioner retired as Chief Deputy Suffolk County Executive, after 30 years of service to Suffolk County in various positions as a "managerial exempt employee." From July 3, 1984, until December 31, 2003, he served as Counsel to the Suffolk County Legislature. Upon his retirement, he was paid for 630 hours of accrued unused vacation time.

In this proceeding, the petitioner contends that he is entitled to be paid for an additional 444 hours of accrued vacation time in excess of the 630 hours, on the ground that the accrued vacation time was "previously approved" when Suffolk County Resolution No. 659-1988 (later codified as Suffolk County Administrative Code § 631-1 [C]) took effect on January 1, 1989. The Supreme Court granted the petition, and we affirm.

Suffolk County Administrative Code § 631-1 (C) provides, in pertinent part: "Upon separation from County service by retirement, resignation, termination or death, *an exempt employee shall be granted payment* by the County for unused vacation time *for all unused vacation time accrued prior to December 31, 1988, which has vested in such exempt employee as of that date and remains unused at the time of separation, subject to preexisting limitations* of only a certain number of days being permitted to be carried over to a succeeding year *unless previously approved in writing by the County Executive for administrative personnel or the Presiding Officer of the County Legislature for legislative personnel*" (emphasis added).

Contrary to the appellants' contention, it is clear from the record that, prior to the effective date of Suffolk County Administrative Code § 631-1 (C), the petitioner, who was a member of the "legislative personnel" of Suffolk County, was granted written approval by the presiding officer of the county legislature to carry over the hours in issue to subsequent years. Thus, pursuant to the terms of Suffolk County Administrative Code § 631-1 (C), those 444 hours vested in him, and he was

entitled to be paid for them upon his retirement from service with the County.

The function of mandamus is to "compel acts that officials are duty-bound to perform" (*Klostermann v Cuomo*, 61 NY2d 525, 540 [1984]; *see Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 385 [1997]). A proceeding pursuant to CPLR article 78 lies to compel compliance with provisions of a local law—in this case, Suffolk County Administrative Code § 631-1 (C) (*see Matter of Natural Resources Defense Council v New York City Dept. of Sanitation*, 83 NY2d 215 [1994]).

While a municipality's interpretation of its local laws is entitled to great deference, and its interpretation will be upheld if it is not irrational, unreasonable, or contrary to governing language, where the question is one of pure legal interpretation of such terms, such deference is not required (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 419 [1998]; *Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 160 [2009]). The Supreme Court properly determined that the petitioner satisfied the requirements set forth in Suffolk County Administrative Code § 631-1 (C). The appellants may not impose additional requirements which are not present (*see Paroli v Dutchess County*, 292 AD2d 513 [2002]).

The appellants' remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31538(U).]**