■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCHMITT, Appellant. [908 NYS2d 594]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 14, 2009, convicting him of knowingly discharging pollutants into the waters of the State of New York from an outlet or point source without a State Pollution Discharge Elimination System permit in violation of Environmental Conservation Law § 17-0701 (1) (a) and § 71-1933 (4) (a) (i) (two counts as to each), discharging matter into the waters of the State of New York in contravention of water quality standards in violation of Environmental Conservation Law §§ 17-0501 and 71-1933 (1), draining and excavating in a tidal wetland without a tidal wetlands permit in violation of Environmental Conservation Law § 25-0401 (1) and § 71-2503 (2) (two counts as to each), and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that Environmental Conservation Law § 17-0701 (6) violates his right to equal protection under the law is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v M&H Used Auto Parts & Cars, Inc.*, 22 AD3d 135, 142 [2005]; *People v Beaumont*, 299 AD2d 657, 659 [2002]). In any event, the challenged legislative classification is rationally related to the achievement of a legitimate state purpose (*see Miriam Osborn Mem. Home Assn. v Chassin*, 100 NY2d 544, 547 [2003]; *Korotun v Incorporated Vil. of Bayville*, 26 AD3d 311, 313 [2006]).

The defendant's contention that the evidence was legally insufficient to establish a violation of Environmental Conservation Law § 17-0501 is unpreserved for appellate review, as he did not make a motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Toney*, 12 AD3d 623, 624 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally

sufficient to establish beyond a reasonable doubt that the defendant discharged waste into the waters of the State of New York in contravention of water quality standards (cf. *State of New York v Schenectady Chems.*, 103 AD2d 33, 34 [1984]). Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.