Matter of Affiliated Brookhaven Civic Orgs., Inc. v Planning Bd. of the Town of Brookhaven (2022 NY Slip Op 05847)

Matter of Affiliated Brookhaven Civic Orgs., Inc. v Planning Bd. of the Town of Brookhaven

2022 NY Slip Op 05847

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-14073
 (Index No. 2604/17)

[*1]In the Matter of Affiliated Brookhaven Civic Organizations, Inc., et al., appellants, 
v
Planning Board of the Town of Brookhaven, et al., respondents.

Raymond G. Keenan, Shirley, NY, for appellants.
Annette Eaderesto, Town Attorney, Farmingville, NY (Leigh Rate of counsel), for respondents Planning Board of the Town of Brookhaven, Town Board of the Town of Brookhaven, and Tullio Bertoli, Commissioner of the Department of Planning, Environment and Land Management of the Town of Brookhaven.
Certilman Balin Adler & Hyman, LLP, Hauppauge, NY (John M. Wagner and Anne M. Molloy of counsel), for respondent Howard Rosengarten and Associates.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Brookhaven dated April 17, 2017, which, after a hearing, granted the application of the respondent Howard Rosengarten and Associates for site plan approval and a special use permit, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated September 26, 2019. The judgment denied the amended petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
Since 1986, the respondent Howard Rosengarten and Associates (hereinafter Rosengarten) has owned a parcel of real property consisting of approximately 100.33 acres located in the Town of Brookhaven. In September 2013, Rosengarten submitted an application to the Town under the provisions of the Code of the Town of Brookhaven then in effect for site plan approval and a special use permit for an electric generating facility, denominated as the "Middle Island Solar Farm" (hereinafter the project). On September 29, 2016, the Town's Division of Planning, Environment and Land Management deemed that Rosengarten's application was complete. While the application was still pending, the Town's zoning code requirements for solar energy production facilities were amended by Local Law 23 of 2016 of the Town of Brookhaven (hereinafter Local Law 23), effective November 7, 2016. Local Law 23, inter alia, permitted solar energy production facilities "only on those lands previously cleared and/or disturbed on or before January 1, 2016" (Code of the Town of Brookhaven § 85-813[B][4][a]). Local Law 23 also added a provision to chapter 85 of the Code of the Town of Brookhaven entitled "Exemptions," which provides that "[l]and use applications that have been deemed complete by the Division of Planning, Environment and Land Management prior to the effective date of §§ 85-812 through 85-816 shall be exempt from [*2]the provisions herein" (Code of the Town of Brookhaven § 85-818). On April 17, 2017, the Planning Board of the Town of Brookhaven (hereinafter the Planning Board) granted Rosengarten's application for site plan approval and a special use permit approval for the project. In its determination, the Planning Board stated that the application was considered under "the code in place before November 7, 2016."
The petitioners subsequently commenced this CPLR article 78 proceeding to review the Planning Board's determination. In a judgment dated September 26, 2019, the Supreme Court denied the amended petition and, in effect, dismissed the proceeding. The petitioners appeal.
Judicial review of a determination granting an application for a special use permit is limited to ascertaining whether the challenged action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Yorktown Smart Growth v Town of Yorktown, 168 AD3d 957, 958; Matter of Carnelian Farms, LLC v Leventhal, 151 AD3d 844, 845). Contrary to the petitioners' contention, the Planning Board's determination to grant the application for site plan approval and a special use permit using criteria in the Code of the Town of Brookhaven in place prior to the effective date of Local Law 23 was not illegal, arbitrary and capricious, or an abuse of discretion.
"'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature'" (Matter of Shannon, 25 NY3d 345, 351, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208). "Inasmuch '[a]s the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (Matter of Shannon, 25 NY3d at 351, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; see Consedine v Portville Cent. School Dist., 12 NY3d 286, 290). In determining legislative intent, "[t]he plain meaning of the language of a statute must be interpreted 'in the light of conditions existing at the time of its passage and construed as the courts would have construed it soon after its passage'" (People v Litto, 8 NY3d 692, 697, quoting People v Koch, 250 AD 623, 624; see Consedine v Portville Cent. School Dist., 12 NY3d at 290; Riley v County of Broome, 95 NY2d 455, 463-464; Matter of Seidel v Board of Assessors, County of Nassau, 88 AD3d 369, 378). "[W]here the language is ambiguous, we may examine the statute's legislative history" (Matter of Shannon, 25 NY3d at 351 [internal quotation marks omitted]). Although, in general, courts defer to the construction of statutes given them by the authority responsible for their administration, where the question is one of "pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent," a court is "free to ascertain the proper interpretation from the statutory language and legislative intent" (Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y., 14 AD3d 553, 556 [internal quotation marks omitted], affd 7 NY3d 451; see Jackson v Bank of Am., N.A., 149 AD3d 815; Matter of T-Mobile Northeast, LLC v DeBellis, 143 AD3d 992, 994, affd 32 NY3d 594). The Planning Board's interpretation of local zoning ordinances is entitled to deference unless arbitrary, unreasonable, irrational, or made in bad faith (see Matter of Spears v Town of Cortlandt Planning Bd., 44 AD3d 866; Matter of Olivieri v Planning Bd. of Town of Greenburgh, 229 AD2d 584, 584).
Here, the plain language of Local Law 23, when interpreted in the light of conditions existing at the time of its passage and construed as the courts would have construed it soon after its passage, exempted the project from the provisions of Local Law 23, including the requirement that permitted solar energy production facilities "only on those lands previously cleared and/or disturbed on or before January 1, 2016" (Code of the Town of Brookhaven § 85-813[B][4][a]). Further, the Planning Board's determination that Local Law 23 permitted it to review Rosengarten's application using the criteria for a special use permit in place immediately prior to the enactment of Local Law 23 was neither unreasonable nor irrational (see Matter of Spears v Town of Cortlandt Planning Bd., 44 AD3d at 867).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court