Matter of Town of Riverhead v County of Suffolk (2025 NY Slip Op 02209)

Matter of Town of Riverhead v County of Suffolk

2025 NY Slip Op 02209

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-05849
 (Index No. 2872/17)

[*1]In the Matter of Town of Riverhead, et al., appellants,
v
County of Suffolk, respondent.

Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Frank A. Isler and Christopher B. Abbott of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Daniel J. Evers of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent/defendant to pay the Riverhead Sewer District certain sums pursuant to certain provisions of the Suffolk County Charter and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (John J. Leo, J.), dated May 15, 2020. The order and judgment granted the respondent/defendant's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the respondent/defendant's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, and adding thereto a provision deeming that branch of the motion to be for a declaratory judgment in favor of the respondent/defendant, and thereupon granting that branch of the motion, and (2) by deleting the provision thereof dismissing the second cause of action, and adding thereto a provision declaring that the respondent/defendant is not required to pay the Riverhead Sewer District sums to stabilize its sewer rate for 2016 and 2017 pursuant to Suffolk County Charter former § C12-2(D); as so modified, the order and judgment is affirmed, with costs to the respondent/defendant.
On June 1, 2017, the petitioners/plaintiffs (hereinafter the petitioners), Town of Riverhead, Town Board of the Town of Riverhead, and certain Town Board members, commenced this hybrid proceeding pursuant CPLR article 78 and action against the respondent/defendant, County of Suffolk. The petitioners sought, inter alia, mandamus to compel the County to pay the Riverhead Sewer District the sums of $537,140 and $1,466,712 to stabilize certain costs of the Riverhead Sewer District for the years 2016 and 2017, respectively. The petitioners alleged that the moneys were required to be paid to the Riverhead Sewer District pursuant to Suffolk County Charter former § C12-2(D) from the County's Assessment Stabilization Reserve Fund (hereinafter ASRF). Thereafter, the County moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint on various grounds, including that the appropriation of ASRF funds involved a purely discretionary government function and therefore was not subject to the remedy of mandamus. In an order and judgment dated by May 15, 2020, the Supreme Court granted the County's motion [*2]and, in effect, dismissed the proceeding/action. The petitioners appeal.
"It is well settled that the remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679; see Matter of North Fork Mgt. & Maintenance, LLC v New York State Dept. of Labor, 98 AD3d 514, 515). Thus, "[m]andamus is available . . . only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184). "The availability of the remedy depends not on the petitioner's substantive entitlement to prevail, but on the nature of the duty sought to be commanded—i.e., mandatory, nondiscretionary action" (Matter of Brusco v Braun, 84 NY2d at 679 [alteration and internal quotation marks omitted]; see New York Civ. Liberties Union v State of New York, 4 NY3d at 184).
"In matters of statutory and regulatory interpretation, 'legislative intent is the great and controlling principle, and the proper judicial function is to discern and apply the will of the [enactors]'" (Town of Huntington v County of Suffolk, 79 AD3d 207, 217, quoting Matter of ATM One v Landaverde, 2 NY3d 472, 477). "[T]he starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Matter of Affiliated Brookhaven Civic Orgs., Inc. v Planning Bd. of the Town of Brookhaven, 209 AD3d 854, 855-856). "Although, in general, courts defer to the construction of statutes given them by the authority responsible for their administration, where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, a court is free to ascertain the proper interpretation from the statutory language and legislative intent" (Matter of Affiliated Brookhaven Civic Orgs., Inc. v Planning Bd. of the Town of Brookhaven, 209 AD3d at 856 [internal quotation marks omitted]; see Matter of Sabatino v Suffolk County, 74 AD3d 825, 827).
Tax Law § 1210-A(a) authorized the County "to adopt and amend a local law, ordinance or resolution imposing within the territorial limits of said county an additional sales and compensating use tax at the rate of one-quarter of one percent." Taxes under this law that were collected between December 1, 1984, and November 30, 1988, "shall . . . be deposited in a special fund, to be designated as an assessment stabilization reserve fund" (id. § 1210-A[b]). The moneys in this fund could only be used for certain purposes, including "for distribution to the towns and villages within said county which have established or created a sewer district . . . in such amount or amounts as shall be determined by the county executive of said county and approved by the county legislature of said county as necessary to stabilize assessments or taxes, as the case may be, in any such sewer district . . . in any given year" (id. § 1210-A[b][iii]).
By contrast, as relevant here, the taxes collected between December 1, 1988, and November 30, 2060, "shall . . . be deposited in a special fund, to be designated as a drinking water protection reserve fund" (id. § 1210-A[d]). Similarly, these moneys could only be used for certain purposes, which included making payments to the assessment stabilization reserve fund described in Tax Law § 1210-A(b). To the extent that moneys in the drinking water protection reserve fund were remaining after making the prescribed payments, and if authorized by local law, the moneys could also be used for environmental protection, water quality protection and restoration, county-wide property tax protection, and sewer taxpayer protection (see id. § 1210-A[d][i]-[iv]).
The County created the Suffolk County Drinking Water Protection Program, implementing the sales and compensating use tax pursuant to Tax Law § 1210-A, "to provide funding for sewer district tax rate stabilization, environmental protection, and property tax mitigation" (Suffolk County Charter § C12-1). Under the version of Suffolk County Charter § C12-2(D) relevant here, 25% of the revenues generated each calendar year from the tax were to be allocated to the ASRF for "sewer district tax rate stabilization" of "pertinent sewer district[s that] will experience an increase in rates of at least 3% in the aggregate for user charges, operations and maintenance charges, per-parcel charges, and ad valorem assessments" (id. former § C12-2[D]). The Suffolk County Charter further provided that the appropriation of ASRF funds "shall not reduce the projected rate increase below 3% in the aggregate . . . for the year in question" (id.). Additionally, [*3]where "the revenues generated in any year . . . exceed the amount necessary to provide such stabilization, then such excess Assessment Stabilization Reserve Fund balance shall be carried over as a fund balance for sewer district tax rate stabilization" or may be used for certain enumerated purposes, not relevant here (id.).
Tax Law § 1210-A does not mandate that county, town, and village sewer districts be treated identically; rather, funding under Tax Law § 1210-A(b) specifically prioritizes county sewer districts over local town and village districts. Furthermore, Suffolk County Charter former § C12-2(D) did not require the County to use its ASRF funds to stabilize the annual sewer rates of any sewer district within its borders to the extent that the rates did not increase by more than three percent irrespective of costs or other considerations. Notably, the Suffolk County Charter does not define "stabilization," and neither does the Tax Law, which explicitly leaves it up to the "county executive" as "approved by the county legislature" to determine "such amount or amounts . . . as necessary . . . in any given year" (Tax Law § 1210-A[b][iii]). We note that this interpretation of the local law, which allows the County government to utilize its discretion in distributing ASRF funds, comports with at least 20 years of the County's practice (see generally Matter of Sabatino v Suffolk County, 74 AD3d at 827). Thus, the Supreme Court correctly determined that the appropriation of ASRF funds, in this context, involved a discretionary function and properly granted that branch of the County's motion which was pursuant to CPLR 7804(f) to dismiss the cause of action for mandamus relief.
Since no questions of fact were presented by the second cause of action, seeking a judgment declaring that, pursuant to Suffolk County Charter former § C12-2(D), the County is required to pay the Riverhead Sewer District sums to stabilize its sewer rate for 2016 and 2017, and the County demonstrated that the petitioners were not entitled to that declaratory relief as a matter of law, the Supreme Court should have deemed that branch of the County's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action for failure to state a cause of action to be for a declaratory judgment in the County's favor, and thereupon granted it (see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d 317, 325; Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 947).
The Supreme Court correctly granted those branches of the County's motion which were pursuant to CPLR 3211(a) to dismiss the third, fourth, and fifth causes of action for failure to state a cause of action. With respect to the third cause of action, alleging waste pursuant to General Municipal Law § 51, the petition/complaint failed to set forth any fraud or illegality within the meaning of General Municipal Law § 51 (see Tilcon N.Y., Inc. v Town of New Windsor, 172 AD3d 942, 946; Matter of Sanitation Garage Brooklyn Dists. 3 & 3A, 32 AD3d 1031, 1036; see also Godfrey v Spano, 13 NY3d 358, 373). With respect to the fourth and fifth causes of action, alleging, respectively, violations of the Equal Protection Clauses of the United States and New York Constitutions, the petition/complaint failed to allege facts demonstrating that the Riverhead Sewer District was similarly situated to the sewer districts created by the County (see generally Scully v Town of Mamaroneck, 186 AD3d 636, 637; Korotun v Incorporated Vil. of Bayville, 26 AD3d 311, 313) or that the appropriation of ASRF funds was not rationally related to the achievement of a legitimate government purpose (see Korotun v Incorporated Vil. of Bayville, 26 AD3d at 313; see also Affronti v Crosson, 95 NY2d 713, 719; Trump v Chu, 65 NY2d 20, 25). The court also properly granted that branch of the County's motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action, which sought an accounting (see Dee v Rakower, 112 AD3d 204, 214; Bouley v Bouley, 19 AD3d 1049, 1051; see also Giambrone v Arnone, Lowth, Wilson, Leibowitz, Adriano & Greco, 197 AD3d 459, 462).
In light of the foregoing, we need not reach the parties' remaining contentions.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court